**GOVERNMENT OF THE VIRGIN ISLANDS, Plaintiff**

**v.**

**DENFIELD A. WILLIAMS, ARTHUR BRIDGEWATER, RAYMOND A. RAIMER, PAULINO ROJAS, JR., Defendants**

Criminal Nos. 52/1977, 53/1977, 54/1977, and 55/1977

Territorial Court of the Virgin Islands

Div. of St. Thomas and St. John

March 31, 1977

CHARLES NEUFFER, ESQ., Department of Law, St. Thomas, V.I., *for plaintiff*

ALLAN D. SMITH, ESQ., Office of the Public Defender, St. Thomas, V.I., *for defendants Bridgewater and Rojas*

FREDERICK ROSENBERG, ESQ. (BAILEY, WOOD & ROSEN-BERG), St. Thomas, V.I., *for defendant Raimer*

HODGE, *Judge*

## MEMORANDUM AND ORDER

These four companion cases came on to be heard on March 15, 1977. All defendants were charged with private social gambling in violation of 14 V.I.C. § 1224. Counsel for defendants Raimer and Bridgewater moved to dismiss prior to trial on the grounds that § 1224 is applicable only to commercial gambling activities and that based upon the admission by the Government that no commercial gambling would be alleged, all charges should be dismissed against defendants consistent with this Court's decision in Government v. Thomas, 9 V.I. 17 (1971). Based on this factual stipulation of the parties, the Court heard arguments regarding this question of law, with the Government contending that both private social gambling and commercial gambling are proscribed by 14 V.I.C. § 1224.

In 1971 the St. Croix Division of this Court decided this specific legal issue against the Government by holding that 14 V.I.C. § 1224 prohibits only commercial gambling and does not prohibit private social gambling. Government v. Thomas, supra. This Court concurs in that decision and in its well-reasoned opinion, which is hereby adopted in support of this Court's decision to grant defendants' Motion to Dismiss.

It should be emphasized, however, that nothing in this memorandum should be construed to prohibit prosecution for gambling activities conducted by an "owner or employee", i.e. commercial gambling. In such cases, it is clear that in addition to prosecution of the "owner or employee" pursuant to 14 V.I.C. § 1224(1), both the players and the watchers "at any such game" may likewise

be prosecuted pursuant to 14 V.I.C. § 1224(2) and 14 V.I.C. § 1224(3), respectively. Thus, as construed from Thomas, the term "owner or employee" refers to the owner or employee of the gambling game or activity, who profits from the mere conducting of the game or activity for "players" and "watchers", and who collects his earnings from the game or activity as "owner or employee" rather than as a player. Clearly, therefore, even gambling in a private home is prohibited where the gambling is conducted for the non-playing profit of the "owner or employee."

The time for consistent judicial interpretation of this criminal statute, within both divisions of this Court, is long overdue. Perhaps with this adoption of the Thomas rationale, the Legislature of the Virgin Islands will see fit, if it chooses, to specifically prohibit by amendment those social gambling activities, public or private, which it considers to be offensive to the public good.

WHEREFORE, the premises considered and the Court being duly satisfied therein, it is hereby,

ORDERED that defendants' Motion to Dismiss be and the same is hereby Granted.